IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-00301-CMA-MEH

MELISSA GOODSON,

    Plaintiff,

v.

LOUIS DEJOY, Postmaster General, United States Postal Service,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on Defendant's Motion for Partial Summary Judgment ("Motion for Partial Summary Judgment" or "Motion") wherein Defendant Louis DeJoy[1] asserts that Plaintiff failed to exhaust her administrative remedies as to certain claims. In particular, Defendant seeks summary judgment on any claims Plaintiff attempts to raise in this case that are not based on disparate treatment for a physical disability or alleged retaliation for prior EEO activity, specifically including any reasonable accommodation and hostile work environment claims. He further moves the Court to grant him summary judgment on any claims asserted by Plaintiff that do not relate to the residual assignment letter Plaintiff received in November 2013. *See*

---

[1] At the time of filing, Megan J. Brennan was the Postmaster General of the United States Postal Service and the named defendant in this action. Defendant gave notice on June 23, 2020, that Louis DeJoy had assumed the position of United States Postmaster General effective June 15, 2020. (Doc. # 61.)

*generally* (Doc. # 47). For the reasons that follow, the Court denies Defendant's Motion for Partial Summary Judgment.

## I.     BACKGROUND

This action involves a lengthy factual and procedural history. The Court limits its recitation herein to undisputed facts that are relevant to the instant Motion.

Plaintiff, Melissa Goodson, began working for the United States Postal Service ("USPS") in 1997. She suffered an on-the-job injury in July 2000. Her injury caused certain medical work restrictions that became permanent in 2005. Ms. Goodson held a modified work assignment that accommodated her medical restrictions from 2007 to January 2010. She was removed from her modified assignment by USPS in 2010 and was allegedly told the reason for her removal was that the assignment was considered unnecessary work. (Doc. # 52-1 at 2, 58.)

On November 1, 2013, Ms. Goodson requested an appointment with an Equal Employment Opportunity ("EEO") Dispute Resolution Specialist. Ms. Goodson signed an Information for Pre-Complaint Counseling Form on November 11, 2013. (Doc. # 47-1 at 6–8.) Therein, she alleged that she had learned in October 2013 that the duties of her previously held, modified assignment were being performed by Postal Support Employees ("PSEs"), despite USPS's representation that her position was no longer available. Ms. Goodson listed retaliation for prior EEO activity and discrimination on the bases of sex, race, age, and disability as grounds for her complaint. On November 16, 2013, Ms. Goodson had an initial interview with the EEO Dispute Resolution Specialist.

Subsequently, Ms. Goodson sent three substantially similar letters dated November 25, 2013, to USPS. Therein, Ms. Goodson alleged that she had received a letter from USPS dated November 20, 2013 ("November 2013 Letter"), which indicated that she was an unassigned employee and was being reassigned. *See* (*id.* at 10–18). Ms. Goodson also alleged, in all three letters, that USPS was creating a hostile work environment, including by having issued her a Letter of Warning. (*Id.* at 11–13, 16–17.) EEO Dispute Resolution Specialist Karen M. Rice informed Ms. Goodson that the issues raised in her letter—i.e., the November 2013 Letter, the Letter of Warning, and the hostile work environment—would be consolidated with Plaintiff's "current EEO complaint 1E-801-0006-14" ("Consolidation Letter"). (*Id.* at 20.)

Informal counseling did not resolve Plaintiff's grievances. Ms. Rice issued Ms. Goodson a Notice of Right to File on January 30, 2014. (*Id.* at 22–24.) The Notice of Right to File stated, in relevant part:

> In this matter you allege discrimination based on Race (African American), Sex (Female), Age (DOB [ ]), Physical Disability (On-the-Job injury), and Retaliation for EEO Activity, when:
>
> (1) On 7/18/13, you were issued a Letter of Warning (LOW) and are experiencing a hostile work environment[;]
>
> (2) On 10/21/13, you became aware a PSE (Postal Support Clerk was performing your prior T-3 modified duty assignment that in October 2011 you were informed was no longer available;
>
> (3) On 11/22/13, you received a letter stating you were unassigned/unencumbered full-time regular being reassigned (pending qualification) to the Stockyards Station with a change in SDO's and duty hours[.]

(*Id.* at 22.)

Plaintiff filed a formal EEO Complaint of Discrimination in the Postal Service ("EEO Complaint") on February 15, 2014. (*Id.* at 39–40.) In her EEO Complaint, Plaintiff requested reinstatement of her limited duty assignment and that management "leave [her] alone to perform [her] duties, without fear of retaliation or being harassed." (*Id.* at 39.) Plaintiff listed September 2, 2011; October 21, 2011; October 28, 2013; and November 22, 2013, as dates USPS discriminated against her. Further, Plaintiff incorporated additional statements by reference. *See* (*id.*) (stating "see attached statements"). Said statements include allegations related to, *inter alia*, Plaintiff's on-the-job injury, prior EEO activity, and previous modified job assignment, as well as USPS's determination that there were no positions available that met Plaintiff's physical restrictions. *See* (*id.* at 26–43). The statements also mentioned the Letter of Warning. (*Id.* at 28, 34.) Plaintiff alleged that USPS had caused her "stress, anxiety, emotional distress, health issues, loss of enjoyment of life, fear of losing [her] job, fear of being reassigned, lack of sleep, [and] fear of retaliation." (*Id.* at 30, 36.)

Ms. Rice issued a Dispute Resolution Specialist Inquiry Report concerning Ms. Goodson's EEO Complaint on February 25, 2014. (*Id.* at 42–44.) The Inquiry Report restated the claims and issues as captured in the Consolidation Letter and mentioned that Plaintiff "has been experiencing a hostile work environment[.]" (*Id.* at 42.)

On April 9, 2014, an EEO Services Analyst for USPS's National EEO Investigation Services Office issued Ms. Goodson a Partial Acceptance/Partial Dismissal of Formal EEO Complaint ("Acceptance-of-Issues Letter"). (*Id.* at 46–51.) The Acceptance-of-Issues Letter informed Ms. Goodson that "a portion of [her] complaint

ha[d] been accepted for investigation[.]" It identified the accepted issues as

> discrimination based on Race (African-American), Sex (Female), Age (48), Retaliation (Prior EEO Activity) and Disability (On-the[-]job injury) when:
> [ ] On October 28, 2013, you became aware that Management was utilizing a PSE employee to fill the position you were told was no longer available in 2011; and[ ]
> [ ] On November 23, 2013, you received a letter (dated November 20, 2013) informing you that you were being reassigned.

(*Id.* at 46–47.) The Acceptance-of-Issues Letter identified a single dismissed issue, which would not be included in the agency's investigation—i.e., discrimination based on the Letter of Warning that Plaintiff was issued on July 31, 2013. The Acceptance-of-Issues Letter did not mention hostile work environment or reasonable accommodations. *See generally* (*id.*). It stated, "If you do not agree with the defined accepted issue(s), you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter. . . ." (*Id.* at 47.)

Plaintiff did not submit a written response to the Acceptance-of-Issues Letter. USPS subsequently conducted an EEO investigation. Plaintiff requested a hearing before an EEOC administrative judge, and the administrative judge entered judgment in favor of USPS on April 21, 2017. (*Id.* at 107–24.)

Plaintiff initiated the instant case by filing her Complaint for Employment Discrimination *pro se* on February 4, 2019. (Doc. # 1.) Plaintiff filed a Motion for Appointment of Counsel on June 27, 2019. (Doc. # 23.) At the instruction of Magistrate Judge Michael E. Hegarty, Plaintiff filed her *pro se* Amended Complaint on July 12, 2019. (Doc. # 25.) Plaintiff was appointed pro bono counsel on August 27, 2019, and Plaintiff's counsel entered her appearance on September 26, 2019. Defendant filed the

5

instant Motion for Summary Judgment on April 15, 2020. (Doc. # 47.) Plaintiff filed a Response (Doc. # 52), and Defendant filed a Reply (Doc. # 60).

## II.     LEGAL STANDARDS

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Conversely, if the movant has the burden of proof, a more stringent summary judgment standard applies;

the movant must establish all essential elements of the issue as a matter of law before the nonmovant can be obligated to bring forward any specific facts alleged to rebut the movant's case. *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (citation omitted).

Once the movant has met its initial burden, the burden shifts to the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmovant may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmovant must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his or her favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III.   DISCUSSION

Defendant moves for summary judgment on the basis that Plaintiff failed to exhaust her administrative remedies as to any claim beyond a Title VII claim for discrimination on the basis of disability or a retaliation claim for prior EEO activity. He also moves for summary judgment to the extent any of Plaintiff's claims do not relate to the November 2013 Letter.[2] In response, Plaintiff argues that the Motion should be

---

[2] Defendant also moves for summary judgment on Plaintiff's Civil Service Reform Act ("CSRA") claim. In her Response to Defendant's Motion for Partial Summary Judgment, Plaintiff withdrew the CSRA as a legal basis for her claims in this case. (Doc. # 52 at 19.) The Court accepts Plaintiff's withdrawal of her CSRA claim, and Defendant's Motion for Partial Summary Judgment is denied as moot to the extent it concerns Plaintiff's CSRA claim.

7

denied because Defendant has not met his burden of proof at summary judgment and Plaintiff did exhaust her administrative remedies. The Court agrees with Plaintiff that the Motion must be denied because Defendant has not established Plaintiff's failure to exhaust her administrative remedies as a matter of law. *See Pelt*, 539 F.3d at 1280.

**A.    APPLICABLE LAW – EXHAUSTION**

Exhaustion of administrative remedies is a prerequisite to suit under Title VII and the ADA. *Apsley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012) (Title VII) (citations omitted); *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018) (ADA) (citation omitted). The purpose behind the requirement to exhaust a claim with the EEOC is two-fold: "protect[ing] employers by giving them notice of the discrimination claims being brought against them, [and] providing the EEOC with an opportunity to conciliate the claim." *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004). "[A] plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." *Lincoln*, 900 F.3d at 1185.

"A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) (citations omitted), *abrogated on other grounds by Lincoln*, 900 F.3d 1166. "[A] plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a

right-to-sue letter." *Foster*, 365 F.3d at 1194. Further, administrative remedies generally must be exhausted as to each discrete instance of discrimination or retaliation. *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110–13 (2002)). Thus, where discrete incidents of discrimination occur after an employee files an initial EEOC charge, the employee must file an additional or amended charge with the EEOC to satisfy the exhaustion requirement as to discrete incidents occurring after the initial charge. *Lincoln,* 900 F.3d at 1181 (citing *Martinez,* 347 F.3d at 1210).

**B.     ANALYSIS**

Defendant asserts that he is entitled to summary judgment on three grounds: (1) Plaintiff failed to raise reasonable accommodation and hostile work environment claims in the administrative proceedings; (2) Plaintiff abandoned those claims if she did raise them; and (3) Plaintiff has exhausted claims related to the November 2013 Letter only. The Court concludes that Defendant has not carried his burden at summary judgment on any of these grounds.

   1.     <u>Whether Plaintiff Raised the Claims at the Administrative Level</u>

In the Tenth Circuit, "a plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie*, 414 F.3d at 1274. In this case, both a reasonable accommodation claim and a hostile work environment claim could reasonably be expected to follow Plaintiff's EEO charge.

First, the Court finds that Plaintiff made allegations pertinent to a hostile work environment claim throughout the EEO process. Plaintiff submitted three letters to USPS dated November 25, 2013, that each contain hostile work environment allegations. *See* (Doc. # 47-1 at 16) ("creating a hostile environment"); (*id.* at 17) ("Hostile Work Environment: Creating pattern of targeting employee with disabilities[;] Job reassignments[;] Fear of losing job[;] Adverse employment action[;] Letter of warning."). One letter in particular alleged in detail how USPS was creating a hostile work environment:

> The agency is creating a pattern consisting of several incidents that has caused disruption in my life, having a negative impact on my employment from receiving letter of warning, having to file complaints against the agency that reflects on my employment, intimidation and fear of losing my job. The agency has continued to draw attention to employees with restrictions by continuing to alter the work environment by continuing to target employees with restrictions. The agency has made other employees resentful of employees with restrictions with comments that has [sic] caused emotional distress and is likely to continue indefinitely.

(*Id.* at 11.) USPS consolidated Plaintiff's hostile work environment allegations with her EEO complaint. *See* (Doc. # 47-1 at 20 (Consolidation Letter)). Plaintiff alleged in her formal EEO Complaint and the statements incorporated therein by reference that USPS management caused her to experience fear of retaliation, harassment, of being reassigned, and of losing her job. *See* (*id.* at 28, 30, 34, 36, 39). Moreover, EEO Dispute Resolution Specialist Karen M. Rice acknowledged Plaintiff's hostile work environment allegations in both the Notice of Right to File and the Dispute Resolution Inquiry Report, which post-dated the filing of Plaintiff's EEO Complaint. *See* (*id.* at 22 (Notice of Right to File)) (mentioning Plaintiff's allegation that she "has been

10

experiencing a hostile work environment"); (*id.* at 42 (Dispute Resolution Inquiry Report)) (same). Upon consideration of the foregoing factors, the Court finds that a hostile work environment claim was within the scope of the administrative investigation that could reasonably be expected to follow Plaintiff's EEO charge. *MacKenzie*, 414 F.3d at 1274.

Investigation of a reasonable accommodation claim could also reasonably be expected to follow Plaintiff's EEO charge. Plaintiff's formal EEO Complaint grieved USPS's revocation of modified job assignments that accommodated Plaintiff's medical restrictions.[3] Plaintiff incorporated into her EEO Complaint a list of multiple sources related to reasonable accommodation (in what the Court construes to be a list of violations allegedly committed by USPS). For example, Plaintiff listed "Code of Federal Regulations 1201.203-Failure to Restore." (Doc. # 47-1 at 3.) 5 C.F.R. § 1201.3, titled "Failure to Restore," relates to improper *"*[r]estoration to employment following recovery from a work-related injury." Plaintiff also listed multiple provisions of the USPS Employee Labor Manual ("ELM") that belong to a section titled "Reassignment or Reemployment of Employees Injured on Duty."[4] In particular, Plaintiff quoted Section

---

[3] Defendant urges that, to the extent Plaintiff mentioned accommodations she previously received, those mentions are "best understood as background information supporting her claims of disparate treatment and retaliation." (Doc. # 47 at 23) (citing Doc. # 47-1 at 12–13, 16–17). Defendant's suggestion is contrary to the Court's duty at summary judgment to view the evidence in the light most favorable to the nonmovant. *See Allen*, 119 F.3d at 839. In the light most favorable to Plaintiff, her mentions of accommodations received previously constitute factual allegations that create a reasonable expectation that the agency would investigate a potential reasonable accommodation claim.

[4] A district court may take judicial notice of documents in the public record. *See, e.g.*, *Squires ex rel. Squires v. Goodwin*, 829 F. Supp. 2d 1041, 1053 (D. Colo. 2011) (citing *State Farm Mutual Automobile Insurance Co. v. Boellstorff,* 540 F.3d 1223, 1226 n. 7 (10th Cir. 2008)). Moreover, "[t]he doctrine of judicial notice has been utilized, [s]ua sponte, when the defending party's

11

546.142(a) of the ELM, which concerns USPS's obligations to current employees who have partially overcome injury or disability, as follows:

> When an employee has partially overcome a compensable disability, the Postal Service **must make every effort toward assigning the employee to limited duty consistent with the employee's medically defined work limitation tolerance** (see 546.611). In assigning such limited duty, the Postal Service should minimize any adverse or disruptive impact on the employee. . . .

(Doc. # 47-1 at 29) (quoting ELM Section 546.142(a)). Moreover, Plaintiff's EEO Complaint requested "reinstatement to her previous modified job assignment" as a remedy. The foregoing facts lead the Court to conclude that a reasonable accommodation claim was within the scope of the administrative investigation that could reasonably be expected to follow Plaintiff's EEO charge. *MacKenzie*, 414 F.3d at 1274. The Court's conclusion is supported by the actual investigation undertaken by the EEO, which included questions on the topic of reasonable accommodations. *See, e.g.*, (Doc. # 52-1 at 155–56) (asking affiant whether the complainant has work limitations, whether the complainant's medical condition affects his or her ability to perform the work assignment, and whether the complainant requested reasonable accommodation for a medical condition or impairment); (*id.* at 166–67) (same).

Defendant relies chiefly on out-of-circuit case law to argue that Plaintiff's claims in this action must be limited to those claims accepted for investigation in the Acceptance-of-Issues Letter because Plaintiff did not object to the framing of the

---

motion for summary judgment is predicated on affirmative defenses . . . ." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). In this case, the Court takes judicial notice of the USPS Employee Labor Manual, available at https://about.usps.com/manuals/elm/elmc5.pdf (last visited Dec. 14, 2020).

12

issues.[5] Defendant's lone citation to a case within this circuit is to a district court decision that is not binding on this Court.

In *Glapion v. Jewell*, No. 14-cv-03236-MEH, 2016 WL 1732685, at *8 (D. Colo. May 2, 2016), *aff'd*, 673 F. App'x 803 (10th Cir. 2016), the district court limited the plaintiff's claims to those in her EEO complaint. In doing so, the court identified two independent bases for limiting the plaintiff's claims: (1) issues must be included in the acceptance-of-issues letter to be exhausted, and (2) events that occur after the filing of the EEO complaint may be exhausted only through the filing of another EEO complaint or an amendment to the existing complaint. *Id.* In affirming the district court's decision, the Tenth Circuit did not address whether claims must be included in the agency's acceptance-of-issues letter to be exhausted. Instead, the Tenth Circuit affirmed the district court's conclusion on the basis that the plaintiff's failure to file a new EEO complaint or amend her existing EEO complaint precluded her from bringing claims in federal court that post-dated her EEO complaint. *Glapion v. Jewell*, 673 F. App'x 803, 807 (10th Cir. 2016).

Thus, Defendant has not provided this Court with any binding precedent that limits a plaintiff's claims in federal court to those accepted by the agency for investigation in its acceptance-of-issues letter. The Court concludes that Plaintiff's claims are, instead, "limited by the scope of the administrative investigation that can

---

[5] *See* (Doc. # 47 at 11–12) (citing *Estate of Rudder v. Vilsack*, 10 F. Supp. 3d 190, 196-97 (D.D.C. 2014); *Agrawal v. LaHood*, No. CIV-11-164-M, 2011 WL 5325600, at *2 (W.D. Okla. Nov. 3, 2011); *Silver v. Leavitt*, No. 05-0968, 2006 WL 626928, at *9 (D.D.C. Mar. 13, 2006); *Hudson v. Potter*, No. 1:10–CV–701, 2011 WL 6209988, at *9 (W.D. Mich. Dec. 14, 2011); *Schroeder v. Brennan*, No. CV-17-01301-PHX-JJT, 2017 WL 6622383, at *3 (D. Ariz. Dec. 4, 2017)).

reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie*, 414 F.3d at 1274. Defendant has failed to demonstrate that a reasonable accommodation claim or hostile work environment claim could not reasonably be expected to follow Plaintiff's EEOC charge. Accordingly, his Motion is denied to the extent it argues that Plaintiff did not raise either claim at the administrative level.

    2.    <u>Whether Plaintiff Abandoned her Claims as a Matter of Law</u>

Nor is Defendant entitled to summary judgment on Plaintiff's claims for hostile work environment or reasonable accommodation on the basis that Plaintiff abandoned those claims by failing to cooperate in the administrative process. Defendant relies on two omissions by Plaintiff to establish abandonment: (1) her failure to respond to the Acceptance-of-Issues Letter; and (2) her failure to respond to two questions raised in Ms. Rice's Consolidation Letter—i.e., "How has management intimidated you? What comments have been made to you causing emotional distress[?]" (Doc. # 47-1 at 20.)

"[W]hen a complainant refuses or fails to provide the agency information sufficient to evaluate the merits of the claim, he or she has not exhausted his or her administrative remedies." *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1310 (10th Cir. 2005) (internal quotation marks omitted), *abrogated on other grounds by Lincoln*, 900 F.3d at 1185. "[W]hen a plaintiff's non-cooperation effectively prevents the EEOC's investigation and conclusion efforts such that the EEOC proceeding essentially becomes a sham or meaningless proceeding[,] ... a charging party's non-cooperation will amount to a failure to exhaust administrative remedies." *Id.* at 1311.

The Tenth Circuit's analysis in *Shikles* is instructive in this case. In *Shikles*, the Tenth Circuit found that the plaintiff had failed to exhaust his administrative remedies where he "failed to cooperate with the EEOC at all[,]" including by failing to make himself available for a telephone interview and failing to provide the EEOC with the documents it requested. 426 F.3d at 1317. The plaintiff's attorney also failed to cooperate by not responding "at all to several of the EEOC's attempts to contact him." *Id.* In reaching its conclusion that the plaintiff had failed to exhaust his administrative remedies, the Tenth Circuit articulated a "good faith effort to cooperate" standard for evaluating whether a plaintiff has failed to cooperate with the EEOC:

> While we do not hold that any of these facts, on its own, conclusively determines that Shikles failed to cooperate with the EEOC, the combination indicates the total lack of a good faith effort at cooperation. Thus, because Shikles failed to make a good faith effort to cooperate with the EEOC and provide the agency with information sufficient to evaluate the merits of his claim, he failed to exhaust his administrative remedies under the ADEA.

*Id.* at 1317. The Court finds that Plaintiff's omissions in this case do not constitute abandonment because they do not amount to a lack of a good-faith effort to comply with the agency's information-gathering process. *Cf. Cirocco v. McMahon*, 768 F. App'x 854, 860 (10th Cir. 2019) (finding plaintiff failed to exhaust her administrative remedies where she declined multiple requests for an EEO interview, failed to respond to discovery requests, and failed to submit evidence or argument in opposition to defendant's motion for decision). Accordingly, Defendant's Motion for Partial Summary Judgment is denied to the extent it relates to abandonment of claims.

3.  <u>Whether Plaintiff's Claims are Limited to the November 2013 Letter</u>

Lastly, Defendant argues that he is entitled to summary judgment on all claims to

the extent they relate to any event that is not the November 2013 Letter because Plaintiff's Amended Complaint raises only one event that was accepted for investigation by USPS—i.e., the November 2013 Letter. In so arguing, Defendant relies on the Court concluding that Plaintiff is limited in this action to the claims and issues accepted for investigation by the agency in the Acceptance-of-Issues Letter. As the Court has previously rejected Defendant's argument that Plaintiff is so limited, the Court rejects Defendant's related argument that he is entitled to summary judgment to the extent Plaintiff's claims concern events that were not accepted for investigation in the Acceptance-of-Issues Letter. The Motion is denied on this basis as well.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment (Doc. # 47) is DENIED. Plaintiff's Civil Service Reform Act claim is hereby WITHDRAWN. Plaintiff is ORDERED to file a Second Amended Complaint within 30 days of entry of this Order that clarifies what claims she asserts in this action.[6]

DATED: December 15, 2020

BY THE COURT:

*signature*
CHRISTINE M. ARGUELLO
United States District Judge

---

[6] Plaintiff's counsel has failed to file a motion to amend Ms. Goodson's *pro se* Amended Complaint in the 15 months she has been on this case, despite counsel's indication that Ms. Goodson asserts claims in this action that are not specifically alleged in the Amended Complaint. Such a delay is unprofessional. However, the Court will not penalize Ms. Goodson for the failure of her counsel in this instance.