IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 19-cv-00301-CMA-MEH

MELISSA M. GOODSON,

    Plaintiff,

v.

LOUIS DEJOY, Postmaster General, United States Postal Service,

    Defendant.

## ORDER DENYING MISCELLANEOUS MOTIONS

This matter is before the Court on Plaintiff Melissa Goodson's Motion to Clarify and Motion to Amend (Docs. ## 109, 110) ("Motions"). For the following reasons, the Motions are denied.

## I.    BACKGROUND

Plaintiff, now proceeding *pro se*, filed this employment discrimination and retaliation case against the United States Postal Service on February 4, 2019. *See generally* (Doc. # 65.) In her Amended Complaint, she alleged four causes of action: (1) failure to accommodate disability in violation of the Rehabilitation Act and the Americans with Disabilities Act ("ADA"); (2) harassment/hostile work environment based on disability, sex, and/or race; (3) disparate treatment based on disability, sex, and/or race; and (4) retaliation in violation of Title VII and/or the Rehabilitation Act/ADA. *Id.* On August 17, 2022, this Court entered summary judgment in favor of Defendant Louis

DeJoy on all four claims. (Doc. # 99.) Plaintiff unsuccessfully appealed. (Docs. ## 101–107.) On November 20, 2023, Plaintiff filed a "notice" disputing the validity of her case's dismissal on summary judgment. (Doc. # 108).

On December 18, 2023, Plaintiff filed the Motions. In the first, her "Motion to Clarify re 108 Notice (Other)," asks this Court to "clarify/explain the provisions stated in" the final judgment dismissing her case. *See* (Doc. # 109 (citing Doc. # 100).) In her second motion, the "Motion to Amend – Close Case," Plaintiff moves to reopen this case by arguing that the entry of summary judgment in Defendant's favor violated her right to a jury trial as guaranteed by the Seventh Amendment to the United States Constitution. (Doc. # 110.)

## II. APPLICABLE LAW

Because Plaintiff proceeds *pro se*, the Court liberally construes her Motions and holds them to a less stringent standard than motions drafted by a licensed attorney. *E.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as a *pro se* plaintiff's advocate simply because she proceeds *pro se*. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration. However, a litigant subject to an adverse judgment that seeks the district court's reconsideration of that judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Both forms of relief are extraordinary and require

exceptional circumstances. *Proctor & Gamble v. Haugen*, 222 F.3d 1262, 1271 (10th Cir. 2000) (Rule 59(e)); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (Rule 60(b)).

Under Rule 59(e), a party may move to alter or amend a final judgment within twenty-eight days of the judgment's entry. *Banister v.* Davis, 140 S. Ct. 1698, 1703 (2020); *accord* Fed. R. Civ. P. 59(e). Reconsideration requires the movant to show either ("1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. Reconsideration is not the appropriate vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Van Skiver*, 952 F.2d at 1243.

Rule 60(b), by contrast, allows a party to move the court to "relieve a party . . . from a final judgment" based on "mistake, inadvertence, surprise, or excusable neglect." *Jennings*, 394 F.3d at 856. Rule 60(b) requires a showing of circumstances "so 'unusual or compelling' that extraordinary relief is warranted or when it 'offends justice' to deny such relief." *Johnson v. Ward*, No. 20-cv-00447, 2021 WL 2222713, at *1 (internal citation omitted). This high bar exists for a reason—it is meant to preserve the finality of judgments. *E.g.*, *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, C.J., dissenting).

### III. <u>ANALYSIS</u>

Even with the benefit of liberal review, the Motions fail under either Rule 59(e) or Rule 60. As a preliminary matter, the first motion asks the Court for advice and

guidance regarding the meaning of the final judgment. Although the Court must construe Plaintiff's filings liberally, the Court will not act as her advocate simply because she is *pro se*. *Gallagher*, 587 F.3d at 1067. Consequently, the Court declines to respond to Plaintiff's request for legal advice.

The second motion fails for a different reason. In it, Plaintiff submits that summary judgment deprived her of her right to a jury trial under the Seventh Amendment to the United States Constitution. (Doc. # 110 at 1.) She cites no authority for the proposition that Rule 56, which authorizes the entry of summary judgment, violates the Seventh Amendment. Besides the fact that Plaintiff's position is patently incorrect, it presents no new evidence, change in controlling law, clear error, manifest injustice, excusable neglect, misconduct by the opposing party, or other "unusual or compelling" circumstances justifying relief under either Rules 59(e) or 60(b). Without any of these showings, Plaintiff has not demonstrated entitlement to the extraordinary relief afforded by either Rule.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, it is ORDERED that Plaintiffs' Motions (Docs. ## 109, 110) are DENIED.

DATED: January 4, 2024

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge

4